**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIM TATUM,

Plaintiff-Appellant,

v.

HAROLD D. (HAL) SIMPSON;
STEVEN J. WITTE; HENRY
DANIEL (DANNY) MARQUEZ;
JOHN SUTHERS; TANYA T. LIGHT;
JOHN J. CYRAN; PAUL L.
BENINGTON; DENNIS MAES; and
DAN CORSENTINO,

Defendants-Appellees.

No. 05-1549
(D.C. No. 05-cv-669-PSF-PAC)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Jim Tatum appeals the order of the district court granting summary judgment to defendant Pueblo Colorado County Sheriff Dan Corsentino and dismissing the action as to the remaining defendants for lack of jurisdiction. We affirm in part and reverse and remand in part.

Plaintiff suffered an adverse judgment in a Colorado water court and was briefly jailed by that court for contempt. While the water case was pending before the Colorado Supreme Court, plaintiff filed this action in federal district court pursuant to 42 U.S.C. § 1983. He alleged various civil rights violations as a result of the water litigation and separately alleged that defendant Corsentino denied him medical treatment while he was in custody.

The district court granted summary judgment to Sheriff Corsentino, finding that plaintiff had failed to demonstrate any personal participation on the part of the Sheriff or even any knowledge on the Sheriff's part of plaintiff's medical needs. The court further held that, because plaintiff offered no evidence of any affirmative link between the constitutional deprivation and either the Sheriff's personal participation or his failure to supervise, there could be no personal liability under the doctrine of respondeat superior. Plaintiff's failure to advance any evidence of an unconstitutional county policy or custom regarding the medical needs of county detainees doomed his claim against Sheriff Corsentino in his official capacity. We review a grant of summary judgment de novo, *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321,

1326 (10th Cir. 1999), and affirm for substantially the reasons stated by the district court.

To the extent plaintiff challenges the district court's decision to stay discovery pending a ruling on the cross-motions for summary judgment, we find no abuse of discretion in that action. *See GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993).

We now turn to the district court's conclusion that it lacked subject-matter jurisdiction over the claims against the remaining defendants because of the operation of the *Rooker-Feldman* doctrine, a determination we review de novo. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999).

Prior to the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), federal courts applied the *Rooker-Feldman* bar to all state court decisions, final or otherwise. *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). *Exxon Mobil*, however, clarified that *Rooker-Feldman* applies only to suits in federal court "filed after state proceedings are final." *Guttman*, 446 F.3d at 1032. In this case, plaintiff's state water court case was pending in the Colorado Supreme Court when he filed his federal complaint. Thus, his state court case was not final, and *Rooker-Feldman* does not bar jurisdiction in the federal district court. *See id.* (holding that *Rooker-Feldman* did not bar federal jurisdiction over a case where a petition for certiorari was pending before the New Mexico Supreme Court). Due to the

factual nature of the claims and defenses raised, this case must be remanded to the district court for consideration of the issues in the first instance.

The state defendant-appellees' unopposed motion for leave to file a surreply is GRANTED. The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court


Michael W. McConnell
Circuit Judge